## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HENRY BLACKSON,                    :

      **Plaintiff**                    :    **CIVIL ACTION NO. 3:23-0097**

      **v.**                    :    **(JUDGE MANNION)**

C.O. ZUCKOWSKI, *et al.*,                    :

      **Defendants**                    :


### MEMORANDUM

Presently before the court is defendants' motion for summary judgment **(Doc. 23)** against *pro se* prisoner Henry Blackson's Civil Rights Action under 42 U.S.C. §1983. Blackson filed this complaint as an inmate incarcerated within the Pennsylvania Department of Corrections (PDOC), alleging Eighth Amendment excessive force and Fourteenth Amendment equal protection violations stemming from an incident on January 16, 2021.    (Doc. 1). Defendants asserted a list of affirmative defenses in their Answer (Doc. 14), including the four which they argue as a basis for summary judgment: 1) failure to exhaust administrative remedies; 2) lack of personal involvement; 3) failure to state a claim; and 4) good faith use of force. (Doc. 24). The court finds that Blackson failed to exhaust his administrative remedies and thus, defendants' motion for summary judgment is **GRANTED.**

## I.    Factual and Procedural Background

Plaintiff Henry Blackson filed this 42 U.S.C. §1983 action as an inmate against Superintendent Brittain, Sgt. Price, and Correctional Officers Zulkowski and Rakus (defendants) for an incident purportedly involving verbal and physical abuse that took place at SCI-Frackville. Defendants filed this instant motion for summary judgment on March 1, 2024, to which Blackson failed to respond.

On January 16, 2021, an altercation arose inside the jail ending with the restraint of Blackson by multiple employees. According to defendants, Blackson was attempting to use a tablet while he was on a no phone or kiosk restriction. Zulkowski tried placing hand restraints on Blackson after refusing multiple orders, whereby Blackson spun around in an "aggressive manner" requiring Zulkowski to take Blackson to the ground. Rakus administered OC spray after Blackson continued to resist restraint despite multiple orders to stop. Price responded to the altercation by securing Blackson's left arm in place as he was face down to assist in securing handcuffs.

According to Blackson, Zulkowski assaulted him by snatching his arm from behind when he was trying to "avoid a conflict". Blackson claims that once he was taken to the ground by Zulkowski, Price continued to twist his arm while Rakus sprayed him with OC spray, and that Zulkowski, Rakus,

and Price all used racial slurs encouraging racist and violent behavior towards him. Blackson maintains that his neck, back, and shoulder were injured as a result of this incident and continues to cause him pain. His legal claims include excessive force amounting to cruel and unusual punishment in violation of the Eighth Amendment and Fourteenth Amendment equal protection violations as a result of defendants' racist remarks. Although defendant Brittain was not present during the altercation, Blackson included her in the complaint because he believes she has failed to stop her subordinates from engaging in racism and violence towards the inmates.

In support of their argument, defendants provided a declaration from Beth Lazusky, the prison's grievance coordinator, whereby she states that Blackson filed eight grievances for the time period from January 1, 2021, to March 31, 2021, and that only one grievance, number 910650, involves an allegation of abuse regarding Blackson's claims pertaining to this incident. (Doc. 26-5). Ms. Lazusky further states that grievance number 910650 was not appealed to final review. Defendants also provided electronic records of grievance number 910650, showing that Blackson's grievance was initiated on January 19, 2021, denied on May 18, 2021, appealed on May 26, 2021, and the denial was upheld on June 4, 2021. (Doc. 26-1).

## II.    Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary material in the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could find for the nonmoving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323–24. The moving party can discharge this burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *See also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the nonmoving party must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

"[A] district court cannot provide by local rule that a motion for summary judgment will be automatically granted when the opposing party fails to respond, because such a rule would violate Fed.R.Civ.P. 56. Even though Rule 56(e) requires a non-moving party to set forth specific facts showing that there is a genuine issue for trial, it is well-settled ... that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

### III.   Discussion

#### A. Exhaustion under PLRA

"The Prison Litigation Reform Act of 1995 (PLRA), in order to address the large number of prisoner complaints filed in federal court, mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Block*, 549 U.S. 199 (2007) (citing 42. U.S.C. §1997e(a)). Explicitly, the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." U.S.C. §1997e(a)).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the prison's individual grievance procedures. *Jones*, 549 U.S. at 218. The defendants bear the burden of showing "that the inmate failed to resort to [the prison's] administrative remedies." *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). If such a showing is made, the burden shifts to the inmate "to show that such remedies were unavailable to him." *Id*. (citation omitted).

### B. Plaintiff's failure to exhaust

The PDOC's grievance procedures provide a three-step process for inmates to resolve their grievances: the initial grievance, an appeal to the Superintendent, and an appeal for final review to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). (DC-ADM  804). (Doc. 26-3). Although the exhibits provided show that he appealed the initial denial of his grievance, Blackson was required to exhaust all of the grievance procedures that were "capable of use" to obtain "some relief for the action complained of" before filing his action with the Court. *Ross v. Blake*, 578 U.S. 632, 633 (2016) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001). Appealing for final review to the SOIGA was an available remedy that Blackson failed to use.

Summary judgment is appropriate in the absence of a genuine issue as to any material fact regarding non-exhaustion. Defendants' supporting

documents provided enough evidence to establish that Blackson failed to exhaust via his final available appeal. As a result, the burden shifted to Blackson to show that such remedies were in fact exhausted or in some way unavailable to him. He failed to do so. In fact, he failed to bring forth any evidence to demonstrate that he met the exhaustion requirement. Further, in his own deposition, when asked what he did after the Superintendent denied the first appeal of his grievance under number 910650, Blackson stated that he filed "a whole new grievance from [his] understanding." (Doc. 26-6, p.17). This response only strengthens the defendant's argument that he failed to appeal for final review. Accordingly, there remains no genuine dispute of material fact that Blackson did not properly exhaust his administrative remedies prior to filing his lawsuit. As such, because exhaustion is a prerequisite to the court's consideration of §1983 claims under the PLRA, we need not consider the defendants' remaining bases for summary judgment.

## IV. Conclusion

For the reasons set forth above, defendants' motion for summary judgment will be **GRANTED**. An appropriate order follows.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 18, 2025**
23-0097-01

- 7 -